ROCKMORE *v.* THE STATE.

93  123<br>117  38

1. Under the facts of this case, whether taken alone from the evidence, or alone from the prisoner's statement, or from both together, the location of the wound upon the head of the deceased in respect to the rear or the front part of the head, was a matter of no importance except as it might bear on the law of self-defence. If the wound was upon the head at all, and caused death, and was unlawfully inflicted with malice aforethought, either express or implied, any variance between the witnesses, or any mistake made by some of them, touching the location of the wound, was immaterial, save as a matter bearing, either directly or indirectly, upon the question of self-defence.

2. When, in its charge, the court stated to the jury that the evidence in the case consisted of the evidence for the State, the evidence for the accused, and the prisoner's statement, "if the statement can be called evidence,", the use of the words quoted was not erroneous, the charge as to the statement being in other respects in conformity to law.

3. It was error for the court to fail in its charge to instruct the jury as to the form of their verdict in the event they should acquit the accused; but having inadvertently failed to do so, the error was cured by recalling them after they had retired to their room, and giving them the proper instructions in this respect. Pritchett *v.* The State, last term. · 92 *Ga.* 66.

4. As ruled in the present case at October term, 1892, "an interval of three days is sufficient cooling time between the first fight and the homicide," and there was no error in so instructing the jury. 91 *Ga.* 97, 16 S. E. Rep. 305, and authorities cited.

5. There was no error in failing to charge on the law of manslaughter, the same not being, in any view either of the evidence or the prisoner's statement, applicable to this case ; the evidence fully warranted the verdict, and there was no error in denying a new trial.
   February 15, 1894.

Indictment for murder. Before Judge RICHARD H. CLARK. DeKalb superior court. August term, 1893.

T. J. RIPLEY and E. F. EDWARDS, for plaintiff in error.

J. M. TERRELL, attorney-general, and J. S. CANDLER, solicitor-general, *contra.*

LUMPKIN, Justice.

This case was before this court at the October term, 1892 (91 *Ga.* 97, 16 S. E. Rep. 305), at which time the conviction of the accused for the murder of Jewett Smith was affirmed. It does not appear from the record now before us how he came to be tried again for the same offence, but we learned from the statements of counsel, made in argument, that a new trial was granted by the judge of the superior court upon a motion based on extraordinary grounds. At the second trial the accused was again convicted, and his motion for a new trial being overruled, he excepted.

If the evidence of the State's witnesses is to be believed, this was a plain case of murder. If the statement of the accused represents the truth of the case, the homicide was justifiable. The deceased was killed by a blow upon his head inflicted by the accused with a heavy piece of iron. According to the evidence for the State, the wound inflicted by this weapon was on the back of the head; while according to the prisoner's statement, which in this particular was corroborated by several witnesses sworn in his behalf, the wound was upon the front of deceased's head.

Error is assigned upon the following charge of the court: "It is a matter of contention between the parties, as to the effect it has on this case, as to the place on the man's person—indeed, upon his head—the place upon Jewett's head where the lick was struck. As to that I charge you that it is a matter of no importance, except as it might be connected with the law of self-defence, which I will charge you upon hereafter. The material thing is, that he was stricken upon his head,

and that that caused his death; and therefore, as to a variance between the witnesses, or as to a mistake between the witnesses, or a mistake as to some of the witnesses, as to what place he was hit, does not matter, so that the lick was unlawfully dealt with malice aforethought, either express or implied, and that the lick caused his death." In our opinion, this charge, in view of the peculiar facts of this case, was not erroneous. In the first head-note we have endeavored to present, in a somewhat condensed form, its true meaning, and the jury, we are sure, gathered this meaning from it. If a mortal wound is inflicted unlawfully and with malice, the killing will be murder, no matter where the wound may be located. This proposition is certainly free from doubt. Where, however, the evidence is in conflict as to the location of a wound which resulted in death, its position may be a matter of considerable importance in arriving at the circumstances and manner of its infliction, and in this connection, of determining whether the witnesses who saw the blow stricken were correct or incorrect in their version of the immediate facts relating to the homicide. If in the present case the real truth was, that the mortal wound was on the front of the head, this fact would tend to corroborate the statement of the prisoner that he acted in self-defence; if the wound was upon the back of the head, then the evidence of the State's witnesses, making out a case of murder, would be strengthened. Outside of the solution of this issue, it was of no consequence upon what part of the head of the deceased the wound was inflicted, and therefore its location was unimportant, save as a matter bearing upon the question of self-defence.

It is true that the court, when it came to charge upon the law of self-defence, ought, in view of the above charge which had already been given, to have again called the attention of the jury to the contention between the

State and the accused with reference to the location of the wound, and should, in appropriate terms, have informed them that after they had determined from the evidence where it was in fact located, they could consider the conclusion they might reach on this subject in connection with its bearing upon the evidence of the State's witnesses and the statement of the prisoner, with a view of determining the real truth of the case and of deciding whether it was one of murder or justifiable homicide. We do not think, however, that the omission of the court to do this is cause for a new trial, because (1) counsel for the accused might easily have preferred a request to charge covering the point in question, which they failed to do; and (2) the motion for a new trial does not assign any error upon the omission of the court to charge upon the line indicated. The only complaint which the motion makes in respect to the question now under consideration is, that the court erred in giving the above quoted charge, which we have endeavored to show was free from error. The motion does not really present the question made by the briefs and argument of counsel for the plaintiff in error; and the verdict being, in our opinion, unquestionably right, we do not feel constrained to order a new trial, although the court might very properly have added to its charge upon the subject of self-defence some such instruction as we have above suggested. There is a decided conflict between the testimony of the witnesses for the State and those for the defence, as to the location of the wound; but there is nothing in the brief of evidence tending to show that if the State's witnesses were in error upon this issue, the error was willful or the result of perjury. As to the manner in which the accused approached and assaulted the deceased, there is nothing in conflict with the testimony of the State's witnesses, except the statement of the prisoner himself, which the

jury evidently did not believe, although corroborated as to the location of the wound by the witnesses for the defence. The jury may have concluded, and most probably did conclude, that even if the State's witnesses were mistaken as to what part of the head of the deceased was stricken, these witnesses nevertheless told the truth concerning the conduct, respectively, of the accused and the deceased at the time of the homicide. On the whole, the jury were fully authorized in finding that the attack by the accused upon the deceased was unprovoked, totally unjustifiable, wanton and malicious.

The above outlines the substantial merits of the case, and discusses briefly the only question deserving especial notice. The remaining assignments of error, except one which relates to an alleged improper statement made by the solicitor-general in his argument to the jury, and which is not verified by the court, are sufficiently disposed of in the head-notes, and do not require further comment.     *Judgment affirmed.*