## 5620. COKER *v.* THE STATE.

1. A police officer of a municipality has no authority as such to serve a warrant in a county outside the municipality.
2. There was no error in the charge of the court, and the evidence was sufficient to uphold the verdict.

DECIDED MAY 16, 1914.

Indictment for false imprisonment; from Hall superior court—Judge J. B. Jones. March 12, 1914.

*W. D. Ellis Jr., John A. Boykin,* for plaintiff in error.

*Robert McMillan, solicitor-general, B. P. Gaillard Jr.,* contra.

ROAN, J. E. A. Coker, a police officer of the City of Atlanta, was directed by the chief of police of that city to take a warrant that had been issued by a notary public and ex-officio justice of the peace of Fulton county, against H. H. Grigg for the offense of perjury, to Gainesville, Hall county, Georgia, where Grigg was located, and to arrest him under this warrant, or have him arrested, and bring him back to Atlanta, to be tried on the warrant. Coker, in obedience to the command of his chief, took the warrant and went to Hall county, and arrested Grigg, or took charge of him after his arrest was made by a policeman of Gainesville. Coker brought Grigg to Atlanta, and delivered him to the court that issued the warrant. Coker was indicted by the grand jury of Hall county for false imprisonment in making the arrest and taking Grigg to the City of Atlanta, was found guilty by the jury, and was sentenced by the court to pay a fine of $50. His motion for a new trial was overruled, and he excepted. Besides the usual general grounds, the motion for a new trial contains the following grounds: (1) That the court erred in charging the jury as follows: "I charge you that if you believe the defendant made the arrest or illegally detained the person of Mr. Grigg, and that the defendant at the time was a police officer or detective, or city detective of the City of Atlanta, that would not authorize him to come to Hall county under process from Fulton county and make the arrest or to detain the defendant." (2) That the court erred in charging as follows: "If you believe that Mr. Grigg was turned over to the defendant by officers of this city, and that an officer of the City of Atlanta detained and restrained him of his personal liberty against his will anywhere in this county, then I charge you that such detention would be illegal, and such restraint would be illegal."

1.   Under the act of the General Assembly (Acts of 1865-66, pp. 38, 39) codified in section 919 of the Penal Code of 1910, "an arresting officer may arrest any person charged with crime, under a warrant issued by a judicial officer, in any county of the State, without regard to the residence of said arresting officer; and it is his duty to carry the accused, with the warrant under which he was arrested, to the county in which the offense is alleged to have been committed, for examination before any judicial officer of that county." This was evidently intended to embrace such officers only as are authorized under the State law to execute warrants, and was not intended to embrace such officers as were constituted arresting officers by virtue of the laws of a municipality.   It therefore follows that a police officer of the City of Atlanta, who holds his office under the laws and ordinances of that municipality, had no legal authority, under a State warrant charging felony, to go into another county beyond the authority of the municipality of which he is an officer, and to arrest and imprison a citizen in that county.

2.   The evidence in this case was sufficient to authorize the verdict; and, there being no error of law committed by the court, we are not authorized to grant a new trial.   *Judgment affirmed.*