### 6129.  BELL v. THE STATE.

BROYLES, J.  1. There being no evidence in this case to establish the fact
(necessary for a legal conviction) that it was the defendant who had
been on a public highway in an intoxicated condition "manifested by
boisterousness, indecent acting," etc., it was error for the trial judge
to refuse to grant a new trial.

2. A court's refusal to direct a verdict is never a ground for the assign-
ment of error.  The trial judge may, in a criminal case, direct a verdict
whenever, after all the State's evidence is in, a verdict of acquittal is
the only legal finding possible; but while this is true, his refusal to
direct a verdict of "not guilty" is not a proper ground for an assign-
ment of error in the reviewing court.  The only question which this
court can consider is whether, upon an examination of the evidence as a
whole, including the statement of the accused, there was any evidence
to sustain the verdict of guilty. *Nalley* v. *State*, 11 *Ga. App.* 15 (74
S. E. 567); *Harvey* v. *State*, 8 *Ga. App.* 660 (70 S. E. 141).

*Judgment reversed.*

DECIDED FEBRUARY 3, 1915.

Accusation of misdemeanor; from city court of Forsyth—Judge
Persons.  November 7, 1914.

*A. M. Zellner,* for plaintiff in error.
*J. M. Fletcher, solicitor,* contra.