### 8388.   LEDFORD *v.* THE STATE.

1. On the trial of a person indicted for the commission of a felony other than one of those enumerated in § 1062 of the Penal Code of 1910, it is the duty of the court to inform the jury of so much of the provisions of that section as relate to their power, in the event of conviction, to recommend that the accused be sentenced as for a misdemeanor, and that such recommendation is effectual to reduce the penalty only when approved by the trial court.
2. Where such omission occurs in the general charge given the jury, it is the right and duty of the court to recall the jury after they have retired to consider their. verdict, and to supply the omitted instructions.
3. The charge of the court in the case at bar was not erroneous for any of the reasons assigned, and the objections taken as to the admission of evidence are without merit. The verdict is not without evidence to sustain it, and the trial court did not err in overruling the motion for a new trial.

DECIDED MARCH 23, 1917.

Indictment for altering and defacing record, etc.; from DeKalb superior court—Judge Smith. December 22, 1916.

*L. J. Steele, Alonzo Field*, for plaintiff in error.

*George M. Napier, solicitor-general*, contra.

GEORGE, J.   The indictment is based on section 284 of the Penal Code of 1910, and contains two counts. In the first count the defendant is charged with the offense of defacing and falsifying a certain document and instrument recorded in the office of the clerk of the superior court of DeKalb county, Georgia, to wit, a deed (copied) dated August 2, 1914, from W. B. Henderson to the defendant, conveying certain lands described, which was duly recorded on November 18, 1914, in Deed Book No. 88, page 263,

of the records belonging to the office of the clerk of the superior court of DeKalb county, Georgia, the same being a public office within this State. In the second count the defendant is charged with altering and defacing a certain book, to wit, Deed Book No. 88 of the records belonging to the office of the clerk of the superior court of DeKalb county, Georgia, the same being a public office within this State, by then and there removing and tearing from page 263 of said book a certain deed from W. B. Henderson to the defendant, dated August 2, 1914, and recorded in said deed book at page 263, on November 18, 1914. The defendant was found guilty with a recommendation that he be punished as for a misdemeanor.

In the motion for a new trial, which was overruled by the presiding judge, it is complained that the court erred in admitting the testimony of the clerk of the superior court of DeKalb county, as follows: "I discovered the record torn from Deed Book 84;" and it is further complained that the court erred in admitting in evidence Deed Book 84, from which pages 515 and 516 appeared to have been removed. According to the testimony of the clerk, the instrument recorded on pages 515 and 516 was a deed executed by the defendant, O. R. Ledford, and his father, R. H. Ledford, to W. B. Henderson, the grantor in the deed referred to and described in the indictment. We think that this evidence was material and relevant to the issue. It is true that the defendant was not indicted for defacing or falsifying this particular deed, nor this particular record of deeds, but the contention of the State, which was established by the evidence in the case, was as follows: The defendant, O. R. Ledford, decided upon a plan to have erected a building on a certain lot owned jointly by himself and father, and entered into an agreement with W. B. Henderson to deed the land to Henderson for the purpose of enabling Henderson to place a loan thereon through one D. M. Matthews, in order to raise the money necessary for the erection of the building. The defendant and his father made the deed to Henderson and Henderson obtained a loan upon the land conveyed therein. Henderson failed at this enterprise, and the defendant found himself with a mortgaged lot on which was an incompleted building. One of the witnesses for the State testified that he informed the defendant that the giving of the deed to Henderson was a foolish thing, and the

evidence further discloses that Ledford, upon the failure of Henderson to complete the building, approached the party through whom the loan on the lot was negotiated and asked for an increase in the loan. This increase was refused him, and he was offended. He asserted to the loan agent that he would "beat the mortgage" or would "beat" the lender. The evidence for the State clearly showed the execution of the deed by the Ledfords to Henderson, and further disclosed that Henderson, who, after his failure to complete the building according to his contract, was incarcerated in Fulton county jail, had deeded the property back to the defendant. The latter deed is the deed referred to and described in the indictment. Upon the trial of the charge of falsifying this latter deed and the record thereof, and of defacing and altering the book in which it was recorded, it was entirely proper to admit evidence that the deed out of the defendant and into Henderson had likewise been removed from Deed Book 84 of the records of file in the office of the clerk of the superior court of DeKalb county. This evidence was admissible to establish (1) motive, (2) intent, (3) a common scheme or plan embracing the commission of two or more crimes so closely related to each other that the proof of one tends to establish the other, and (4) the identity of the person charged with the commission of the crime. By removing all traces of the two conveyances—the one from the Ledfords to Henderson and the other from Henderson back to the defendant O. R. Ledford—the mortgage executed by Henderson to Matthews would appear to be fraudulent, as no title would be of record in Henderson. The jury found that by this method the defendant attempted to "beat" the mortgage placed upon the property by Henderson, and the verdict is supported by the evidence. On the admissibility of this testimony see Bates v. State, 18 Ga. App. 718 (90 S. E. 481), and cases cited in the opinion.

The court allowed the witness Matthews for the State to testify that he made the loan to Henderson, the contractor, and permitted this witness to point out the property upon which the loan was made. It was insisted on the part of the accused that, if a loan were made, the writing would be the best evidence of that fact, and of the particular property upon which the loan was made. The court confined the State, upon this objection, to proof merely that a loan was made, and that before the making of the loan the

property was visited and inspected. Testimony to this effect by Henderson, the contractor, who was sworn as a witness for the State, was likewise admitted. The trial judge properly admitted this testimony. He did not allow the State to prove by parol any of the terms or provisions of a written contract, but permitted the witnesses to testify to the making of a contract, and that a loan was executed upon lands personally inspected, and that a building was commenced and partially completed upon a particular lot. The witness Henderson was further permitted to testify that he reconveyed the property deeded him by the Ledfords to the defendant individually, and pointed out the particular property. Objection to this testimony was made on the ground that it "attempted to go into the contents of the deed." The evidence for the State disclosed that both the deed from the Ledfords to Henderson, and the deed from Henderson to Ledford, had been delivered by Henderson, while in jail, to the defendant, and the court properly admitted the testimony. Possession of these instruments having been shown in the defendant, he could not be required to produce them for inspection by the jury, and oral evidence of the contents of the deeds, or either of them, was admissible. *Thomas* v. *State,* 19 *Ga. App.* 104 (91 S. E. 247), and cases there cited.

The court did not err in refusing "to exclude all the testimony in regard to the contract for the erection of the building," alleged to have been entered into between Henderson and the defendant. The court restricted the testimony to the fact of the execution of the contract, and refused to admit in evidence any of the details of the contract. Certainly the existence of a writing, even where the writing is accessible to the State, may be shown by parol, and the fact of the execution of the contract may be shown by parol. There is no higher evidence of such fact.

It is contended that the court erred in failing to instruct the jury that in the event they found the defendant guilty, they might add to their verdict a recommendation that he be punished as for a misdemeanor; and it is further contended that, after the jury had retired and had considered the case for a considerable length of time, it was error to cause the jury to be returned to the box and to supply the omitted charge. It is insisted that this charge, given under the circumstances indicated,

influenced the jury to return a verdict of guilty against the defendant. We do not think that the conduct of the court in recalling the jury and in supplying this omitted charge was error. Indeed, the judge did precisely what he should have done, as we understand the law. The jury in the trial of a criminal case may be recalled for the purpose of giving them an appropriate instruction previously omitted. Of course, a recharge to the jury may, in exceptional cases, harmfully affect the rights of the defendant. It is the better practice to charge every pertinent principle of law applicable to the case before the jury retires from the box. However, if the court should omit to charge some pertinent principle of law applicable to the issues in the case, it is right and proper that the jury should be recalled and the omitted instruction given. If the court is careful to guard and protect the rights of the defendant, the defendant can not have just ground of complaint. In this very case the court cautioned the jury as follows: "Because of the necessity of adding these instructions, I warn you not to allow these added instructions to in any way influence you in determining the issues or arriving at a verdict. This additional charge must not be considered by you as in any way intimating to you any opinion as to the merits of the case, as the court has none and does not express any opinion. You must consider the issues in the case in the same fair and impartial manner as though these additional instructions had been given you at the time of the general charge." See *Pritchett* v. *State,* 92 *Ga.* 65 (9), 66 (18 S. E. 536); *Rockmore* v. *State,* 93 *Ga.* 123 (3) (19 S. E. 32); *Reeves* v. *State,* 117 *Ga.* 38 (43 S. E. 404). We find no error in the instructions given the jury upon the second charge. The recommendation of the jury that the defendant be punished as for a misdemeanor was approved by the trial court, and the defendant was accordingly sentenced. The verdict finding him guilty of the offense charged, as hereinbefore indicated, is not without evidence to support it, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*