## 12362. MILLER v. THE STATE.

1. Where in charging the jury the judge makes one distinct and unequivocal statement that before they can convict the accused on trial they must be satisfied beyond a reasonable doubt of his guilt, it is not necessary to reiterate this instruction in charging as to the various phases of the case as developed by the evidence.

2. The instructions upon the defenses set up on trial for seduction were in substantial accord with the facts of the case, and afforded no cause for a new trial.

                    DECIDED JUNE 14, 1921.

Indictment for seduction — conviction of fornication; from Seminole superior court — Judge Worrill. March 26, 1921.

*W. V. Custer,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

BLOODWORTH, J. The accused was indicted for seduction, and convicted of fornication. In his brief counsel for the plaintiff in error expressly abandons all the special grounds in the motion for a new trial except the 7th and 8th.

1. In the 7th ground of the motion a certain portion of the charge of the court is alleged to be error "because nowhere in said charge as to the crime of fornication does the court instruct the jury that the evidence of such carnal act (would) have to

satisfy the minds of the jury beyond a reasonable doubt." In one part of his charge the judge charged the jury that "the burden of showing the defendant's guilt rests upon the State, and, before the jury would be warranted in convicting the defendant of any crime charged in this bill of indictment, the evidence must be of such convincing strength as to satisfy the jury of the defendant's guilt beyond all reasonable doubt;" and in another part: "If you have a reasonable doubt of his guilt of either offense mentioned, it would likewise be your duty to acquit." This court and the Supreme Court have repeatedly held that where the judge in charging the jury makes one distinct and unequivocal statement to them that before they can convict they must be satisfied beyond a reasonable doubt of the guilt of the accused, it is not necessary to reiterate this instruction in charging as to the various phases of the case as developed by the evidence. *Thomas* v. *State*, 19 *Ga. App.* 104 (4) (91 S. E. 247); *Montford* v. *State*, 144 *Ga.* 582 (4) (87 S. E. 797).

2. The 8th ground alleges that the court erred in charging the jury as follows: "One of the defenses set up by the defendant is that he did not have carnal knowledge of her at all. Another defense set up by him is that if he did, he is not guilty of seduction." This charge was immediately followed by the further statement that "the defendant sets up and claims that [the person alleged to have been seduced] was not a virtuous female. You can look to the evidence in passing upon that question, — all the evidence, both direct and circumstantial." The charge of which complaint is made is in substantial accord with the facts of the case. The plea of the defendant, entered on the indictment, and his statement made on the trial were both denials of his guilt of any charge embraced in the indictment, and when the full charge of the judge is considered it shows that he so treated it; yet when the accused introduced evidence to show that the girl alleged to have been seduced was not virtuous, this amounted to a plea, as practically stated by the judge, that even if the jury did not believe his statement, still he could not be convicted of seduction. Evidence of lewd and lascivious conduct is no defense to a charge of fornication; but if the jury believed that the evidence established the fact that "the woman in the case" was not virtuous at the time of the alleged seduction, this would be a good defense to that

charge.  The portion of the charge of which complaint is made in this ground of the motion gave the defendant the benefit of the two defenses.

3.  The evidence authorized the verdict, which is approved by the trial judge; no error of law is shown, and the judgment is
Affirmed.  Broyles, C. J., and Luke, J., concur.