22062.   PUGH v. THE STATE.

ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963.

*John F. Chapman, Thomas L. Thompson, Jr., John M. Hames,* for plaintiff in error.

*Richard Bell, Solicitor General, Dennis F. Jones, Assistant Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

MOBLEY, Justice. ■ The general grounds are wholly without merit.

■ In special ground 1 the defendant contends that the court erred in permitting over the defendant's objection the witness Amos Pugh to give the following testimony: Q. "Tell us what he [referring to defendant] said." A. "Well, as I recall, this particular night, I asked him, I said, 'What are you worried about?' I knew he was worried about something, so I asked him and he said, 'Nothing,' and he passed it off over a period, maybe three days, something like that; then he come back and said he

had done a awful crime and I asked him what kind of crime and he said, 'Well, I put a man away.'" Q. "Did he say what man?" A. "No, he didn't say." Q. "Go ahead." A. "So I told J. W., I said, 'You didn't,' and he said, 'yes, I did.' And that's all that was said and he went on about his business, well for maybe, might have been a week, I saw him again and I talked with him." Defendant's contention that there is no evidence that this statement was freely and voluntarily made is without merit, as the witness testified that defendant made the statement freely, voluntarily, and without fear or hope of reward so far as he knew. There was no evidence that it was not freely and voluntarily made. Special ground 1 is without merit.

■ (a) In special grounds 2 and 3 of his amended motion for new trial, defendant argues that the admission into evidence over his objection of a written confession signed by him was a violation of his constitutional rights under the 4th and 5th Amendments of the United States Constitution (*Code Ann.* §§ 1-804, 1-805) and under Art. I, Sec. I, Pars. II, III, and V of the Georgia Constitution (*Code Ann.* §§ 2-102, 2-103, and 2-105). In his brief, defendant argues that the confession was not his; rather, that it was the confession of the police officers or detectives and he was compelled to sign it not by physical force, but because of his lack of education, his being in the presence of numerous police officers, and his long period of questioning and detention prior to the time of signing.

An officer testified that the defendant was advised of his rights, that defendant was told he did not have to give a statement if he did not want to, that he could contact a lawyer if he wished, that the officer could not promise him anything if he would give a statement, and that if he gave one it would have to be of his own free will. The defendant offered no evidence, but made an oral statement in which he did not contend that his confession was not freely and voluntarily given. "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." *Code* § 38-411. The evidence met these requirements. This ground is without merit. *Bryant v. State,* 191 Ga. 686 (1) (13 SE2d 820).

(b) Special ground 3 complains that the admission of defendant's written confession into evidence was violative of the cited amendments of the United States Constitution and provisions of the Georgia Constitution in that the defendant was arrested without a warrant and was being held illegally at the time he gave the confession and that after the warrant was issued defendant was never carried before a justice of the peace or other committing magistrate. This ground is without merit.

The fact that the confession was made before a warrant was issued does not render the confession inadmissible on the ground that it was made while the defendant was illegally detained, for at the time of defendant's arrest he was attempting to escape, which authorized the officers to arrest him without a warrant. *Code* § 27-207. His arrest and detention without the issuance of a warrant were legal.

Before noon on Monday, June 25th, the day following the defendant's arrest and detention on Sunday evening, June 24th, a warrant was issued for his arrest. The fact that the alleged confession was made before the warrant was issued and was made in the absence of advice of counsel does not demand a finding that the statement of the defendant was not freely and voluntarily given. Such factors were circumstances to be considered by the jury in determining the question under the court's charge of whether or not the statement was voluntary. *Smith v. State,* 218 Ga. 216 (5) (126 SE2d 789). See also *Ferguson v. State,* 215 Ga. 117 (4) (109 SE2d 44) ; Crooker v. California, 357 U. S. 433 (78 SC 1287, 2 LE2d 1448) ; Culombe v. Connecticut, 367 U. S. 568 (81 SC 1860, 6 LE2d 1037).

*Judgment affirmed. All the Justices concur.*