### 41794. BLOODWORTH v. THE STATE.

HALL, Judge. The defendant appeals from his convictions upon two indictments, one for passing a false check for $38.50

(*Code* § 26-3910), the other in two counts, for passing and for having in his possession (*Code* § 26-3911) a false check for $40. The defendant received sentences for five years and two years to run concurrently.

The testimony concerning the defendant's actions was in conflict, but there was evidence that the defendant handed one of the fraudulent checks to a merchant and obtained cash and groceries for it; that the defendant and a companion were present when the other check was presented to the same merchant, and it was presented by either the defendant or his companion; that after his arrest the defendant admitted to the police officer that he signed and endorsed the backs of the checks and presented them at the store; that on the occasion when the second check was presented police officers were summoned to the store and there arrested the defendant's companion and arrested the defendant as he was leaving the store. This evidence was sufficient to authorize the convictions and the trial court did not err in overruling the general grounds of the motion for new trial or in admitting the checks in evidence.

The defendant argues that his constitutional rights were violated in that a police officer took papers and documents from the defendant's person without having obtained a warrant and without having seen a crime committed in his presence. At the trial the defendant made no objection to the admission of these documents but made a motion to rule out all the testimony of the police officer pertaining to the documentary evidence on the ground that it was illegally obtained in that the officer did not have a warrant at the time of the arrest and there was no crime committed in his presence. The facts and circumstances in evidence were sufficient to show that there was likely to be a failure of justice for want of an officer to issue a warrant if an arrest were not made immediately. Accordingly, the arrest of the defendant without a warrant was lawful. *Code* § 27-207; *Pugh v. State*, 219 Ga. 166, 169 (132 SE2d 203); *Graham v. State*, 111 Ga. App. 542 (142 SE2d 287). And the documentary evidence and testimony concerning it were admissible. *Thompson v. State*, 4 Ga. App. 649, 652 (62 SE 99); *Jackson v. State*, 111 Ga. App. 192, 194 (141 SE2d 177).

The record does not show that the defendant made a motion for directed verdict in the cases appealed from, but does show

that the defendant made a motion for directed verdict on another indictment that was tried with those upon which the defendant was convicted. However, it would not have been error for the trial court to overrule a motion for directed verdict. *Bell v. State*, 15 Ga. App. 718 (84 SE 150).

The trial court did not err in instructing the jury that if they believed the defendant guilty beyond a reasonable doubt they would be authorized to recommend misdemeanor punishment and that it would be discretionary with the court to follow such recommendation; nor did the court err in failing to follow the recommendation of the jury that the convictions be treated as misdemeanors. Ga. L. 1939, pp. 285, 287 (*Code Ann.* § 27-2501); *Harris v. State*, 216 Ga. 740 (119 SE2d 352); *Ledford v. State*, 19 Ga. App. 610 (91 SE 924).

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 8, 1966—DECIDED FEBRUARY 14, 1966—
REHEARING DENIED MARCH 8, 1966.

*Grace W. Thomas*, for appellant.

*Lewis Slaton, Solicitor General, J. Walter LeCraw, Amber Anderson*, for appellee.