50933. COLEY et al. v. THE STATE.

PANNELL, Presiding Judge.
Appellants were indicted, tried and convicted of

burglary, and were sentenced to fifteen years imprisonment. They appeal the judgment of conviction.

On August 10, 1974, appellants were arrested for motor vehicle theft. A search incident to arrest disclosed a knife on the person of each appellant. September 11, 1974, appellants were indicted for burglarizing a store. One of the items taken during the burglary was a case of knives.

Appellants made a motion to suppress the knives found on appellants. A hearing was held, and the motion to suppress was denied. The knives were introduced at the trial, over the objection of defense counsel.

1. In laying the foundation for the introduction of the knives at the trial, the state elicited the facts surrounding their discovery. Thus, the jury was made fully aware of defendants' arrest for motor vehicle theft. Appellants do not enumerate error respecting the introduction of this evidence regarding the motor vehicle theft. However, they do enumerate error in the state's eliciting testimony from other witnesses which they contend introduced evidence of appellants' involvement in a motor vehicle theft. They argue that the introduction of this evidence placed defendants' character in issue and constituted reversible error. See *Bacon v. State,* 209 Ga. 261 (71 SE2d 615).

Assuming, but not deciding, that the objected to testimony did in fact introduce evidence of defendants' involvement in the arrest for motor vehicle theft, and was error for the reasons assigned, it was harmless error. The jury was informed as to defendants' arrest for motor vehicle theft when the foundation was laid for the introduction of the knives into evidence. None of the objected to testimony produced any evidence not already introduced and heard by the jury.

2. One of the witnesses testified that he participated with defendants in the commission of the burglary. He further testified that the defendants also burglarized another store later the same night, but he did not know the identity or location of the other store. Appellants enumerate error in the trial court's allowing testimony regarding another burglary on the ground that the introduction of this evidence placed the character of appellants in issue. See *Bacon v. State,* 209 Ga. 261, supra.

Evidence of other criminal acts may be admitted to show motive and intent. See *Foster v. State,* 230 Ga. 666, 667 (198 SE2d 847). The court in *Bacon v. State,* supra, held that evidence of criminal acts were not admissible for the purpose of showing criminal intent unless there was a logical connection between the extraneous criminal acts and the case on trial. The offenses involved in *Bacon* were "wholly distinct, independent, and separate" from the case on trial. In the present case, there was a logical connection between the burglary for which appellants were tried and the burglary committed by appellants later that night. The two burglaries were part of one continuous transaction. There being a logical connection between the crime charged and the burglary committed at an unknown location that same night, testimony regarding the latter burglary was properly admitted to prove motive and intent.

3. The state elicited testimony on cross examination of both appellants regarding their escape from the county jail. On re-direct examination of appellant Coley, defense counsel attempted to question Coley regarding the conditions of the jail. The trial judge ruled out this line of questioning as being immaterial to the issues in the case. Appellants allege error in the court's ruling out of this testimony in that it showed defendants' state of mind and motive in relation to their escape from jail.

"The fact that one who has done an act which may amount to a crime immediately flees may always be given in evidence as tending to show guilt, but should always be considered by the jury in connection with the motive that prompted it, and at most is only one of a series of circumstances from which guilt may be inferred." *Smith v. State,* 106 Ga. 673 (2) (32 SE 851). Although the jury is to consider the motive prompting escape, we do not feel that the condition of the jail would justify an escape nor constitute a motive tending to show that the escape was not prompted by a sense of guilt. "Where one is confined by lawful authority it is his duty to submit until delivered by due process of law." *Grimes v. Burch,* 223 Ga. 856, 858 (159 SE2d 69). "Prisoners charged with escape have occasionally tried to justify the offense by claiming that the conditions of imprisonment were so intolerable that

the confinement became unlawful, but this has not been recognized as a justification. State v. Palmer, 45 Del. 308, (72 A2d 442); State v. King (Mo.), 372 SW2d 857. The fact that a jail is filthy or unhealthful . . . does not justify his attempt to escape from confinement. State v. Davis, 14 Nev. 439." 27 AmJur2d 858, Escape, § 16.

The court did not err in excluding testimony regarding the condition of the jail.

4. Appellants contend that the knives seized from appellants were improperly admitted into evidence in that they were the fruits of an unlawful search and seizure, based on an unlawful arrest. They assert that the arrest was made in Cherokee County by Officer Moore of the City of Alpharetta Police Department; and because the arrest was made outside of Officer Moore's jurisdiction, it was without lawful authority. See *Coker v. State,* 14 Ga. App. 606 (81 SE 818).

The evidence shows that Officer Moore *and* Deputy Sheriff Ballard of Cherokee County placed appellants under arrest. Appellants had stopped the stolen vehicle when Officer Moore *and* Deputy Sheriff Ballard approached the vehicle and asked appellants to step out of the car and told them to place their hands on top of the car. Officer Moore testified, "After the car drove in, *we* identified ourselves as police officers and *arrested* the subject in the car because the car was the one we were looking for. We searched the suspects." After appellants were searched, Officer Moore advised them that they were under arrest.

The trial judge was authorized to find that appellants were placed under arrest at the time both officers ordered them to place their hands on top of the automobile and proceeded to search them. Thus, the arrest was effected by both officers, one of whom was a deputy sheriff of the county in which the arrest took place. Accordingly, the arrest was made under lawful authority.

Appellants further contend that the arrest was illegal in that it was made without a warrant, and that there were no exigent circumstances requiring the arrest without a warrant. The evidence shows that the officers did not have sufficient probable cause for the issuance of an arrest warrant for appellants prior to the moment they

viewed them in the stolen vehicle. Officer Moore received information on October 9, 1974, from a reliable informant. The informant said that he had heard Coley bragging about some hot cars. This information was insufficient to establish probable cause for the issuance of an arrest warrant for Coley.

On August 10, 1974, an individual contacted Officer Moore and told him that a stolen car would be at her home at a certain time that evening. No information had ever been received from this individual in the past. Neither of the appellants was named by this informant. Clearly, this gave the officer no probable cause for the issuance of an arrest warrant for appellants.

On the evening of October 10, Officer Moore and Deputy Ballard proceeded to the place designated by the informant. A car drove by, which the officers identified as a stolen automobile. The facts and circumstances authorized the arrest of the occupants of the stolen vehicle. Because of the mobility of the automobile, the officers were not required to delay their arrest in order to obtain a warrant. If they were not arrested at that moment, there was a likelihood that defendants would escape and there would be a failure of justice. See *Williams v. State,* 129 Ga. App. 103, 105 (198 SE2d 683).

Having lawfully placed the occupants of the vehicle under arrest, the officers were authorized to search their persons for the purpose of protecting the officers from attack or preventing the persons from escaping. See Code § 27-301. Thus, the officers were authorized to search appellants for weapons (knives) and to remove same.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 2, 1975 — DECIDED SEPTEMBER 24, 1975.

*Barry W. Bishop,* for appellants.
*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.