## 64664. HENDRIX v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of failure to drive on the roadway, driving under the influence and driving without a valid license after having been declared a habitual violator. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. The general grounds are enumerated as to each of the three crimes. It is essentially appellant's contention that there was no evidence to authorize a finding that he was the driver of the car. The evidence adduced at trial showed the following: At approximately 6:00 a.m. an officer responded to a report of an automobile wreck. Arriving at the scene, the officer discovered that a vehicle had run "off the roadway and struck a fire hydrant. And, the fire hydrant was located approximately 5 foot off the roadway. And, the car was sitting on top of the fire hydrant." According to the officer, at the scene of the wreck there was also "a telephone pole located to the left of the vehicle and there was — you couldn't stick your hand between it [and the vehicle]." Other than appellant, who was standing in a phone

booth "probably 3 or 4 feet from the accident scene," the officer saw no one in the general vicinity. As he approached the phone booth, the officer overheard appellant as he spoke into the phone to his brother, the owner of the wrecked car. According to the officer, appellant's "exact words" were: "I just kissed a telephone pole." To the officer, appellant "appeared to be somewhat intoxicated . . . a strong odor of alcohol on his breath. His speech was slurred and eyes were bloodshot. Real red."

Appellant made a post-arrest statement giving the police his version of the events preceding the wreck. At trial, appellant testified to essentially the same facts as those contained in his statement. Appellant acknowledged in his statement that he had left his brother's house in the vehicle at approximately 5 or 5:30 a.m. and that he "was pretty drunk" when he "picked up Rocky about 1/2 mile to 1 mile from [his] brother's house." Rocky, whose last name was unknown, was, according to appellant, a friend of his. Appellant related that he had turned the vehicle over to Rocky who, after wrecking it, "got out of the car and ran." Appellant had not seen or been able to locate his friend Rocky since the morning of the wreck. With regard to his telephone conversation, appellant asserted that he had been misunderstood by the officer who had overheard it. Appellant testified that what he had really said to his brother over the phone was that "Rocky had liked to have kissed a telephone pole."

This conflicting evidence, construed most strongly in support of the verdict, authorized a finding that appellant, not Rocky, was the driver of the vehicle at the time of the wreck. "[T]he defendant's admission that he was driving at the time in question constituted an incriminatory admission . . ." *Tumlin v. State,* 88 Ga. App. 713, 714 (77 SE2d 555) (1953). Appellant's statement over the phone that "I just kissed a telephone pole" was, under the circumstances surrounding the wreck, a potentially incriminating admission that he was the driver of the automobile and responsible for wrecking it. See generally *Pugh v. State,* 219 Ga. 166 (2) (132 SE2d 203) (1963). Under the conflicting evidence, it was a jury question "whether or not the statement was made, and if made whether or not it amounted to an incriminatory admission." *McDowell v. State,* 78 Ga. App. 116, 120 (50 SE2d 633) (1948). "The weight of the evidence and credibility of witnesses are questions for the triers of fact. [Cit.]" *Webb v. State,* 154 Ga. App. 395, 396 (268 SE2d 438) (1980). In the instant case, as in *Stephens v. State,* 127 Ga. App. 416, 419 (193 SE2d 870) (1972), "[t]he jury was authorized to determine whether they would accept the admission made [in the presence of] the officer or the assertion in [appellant's post-arrest] statement [and testimony] . . . [W]eighing all of the evidence, the jury concluded, as they were authorized to do

that [appellant] had, in fact, been alone and had operated the car on the highway."

After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Over appellant's objection, the state was permitted to cross-examine him so as to establish that, on the morning of the wreck, he had driven the vehicle from his brother's house to pick up Rocky and that he was intoxicated when he did so. It is essentially appellant's contention that this evidence that he, a habitual violator with a revoked license, had driven the car in an intoxicated condition earlier on the morning of the wreck impermissibly established his commission of separate and distinct offenses from those which were specifically alleged in the indictment in violation of Code Ann. § 38-202.

At the time appellant was cross-examined, the fact that he, while intoxicated, had been driving the vehicle earlier on the morning of the wreck was already properly before the jury in the form of appellant's own post-arrest statement to the police. See generally *Lakes v. State,* 151 Ga. App. 769, 771 (2) (261 SE2d 744) (1979). Accordingly, "[n]one of the objected to testimony [adduced on appellant's cross-examination] produced any evidence not already introduced and heard by the jury." *Coley v. State,* 135 Ga. App. 810, 811 (219 SE2d 35) (1975). Thus, even assuming that it was error for any reason to allow appellant to be cross-examined about his prior activities on the morning of the wreck, "[u]nder the circumstances of this case, admission of [his testimony] was not harmful error as other legally admissible evidence of the same facts renders harmless admission of the incompetent evidence. [Cit.] Where such evidence is cumulative and not essential to the state's case it could not have materially affected the verdict [Cit.] . . ." *Williams v. State,* 144 Ga. App. 130, 133 (240 SE2d 890) (1977).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 3, 1982 —
REHEARING DENIED DECEMBER 16, 1982.

*James Clark,* for appellant.
*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.