BROWN *et al. v.* FLAKE *et al.*

ATKINSON, J. 1. Where an act of the General Assembly created a board of county commissioners for a given county, and provided for the selection of such commissioners by the grand jury of the county, and subsequently the act creating such board was amended by providing that such commissioners should be elected by the qualified voters of the county, and subsequently to the passage of the amending act such commissioners were continuously elected by the grand jury, and no election by the qualified voters was called or held, and the commissioners so selected continued for several years to perform the duties imposed by law on the commissioners of such county, and their acts as commissioners were recognized and acquiesced in by the people of the county for a long period of time, the persons so selected by the grand jury and discharging the duties of county commissioners were de facto officers, and their acts as such, within the scope of the powers conferred on the board of county commissioners, were legal; and a tax authorized by law, levied by such commissioners for county purposes, was a valid and binding tax.
2. The action of such commissioners can not be enjoined or otherwise collaterally attacked on account of the manner of their selection.

*Judgment affirmed. All the Justices concurring.*

Argued April 21,—Decided May 21, 1897.

Petition for injunction. Before Judge Candler. DeKalb county. January 30, 1897.

Brown and five others, citizens and taxpayers of DeKalb county, in behalf of themselves and other citizens who might become parties plaintiff, brought their petition against Flake et al. (who, claiming to be commissioners of roads and revenues, have collectively exercised the functions of such commissioners), and against the tax-collector and treasurer of the county, alleging as follows: By act of the General Assembly approved December 8, 1886, a board of commissioners of roads

and revenues for that county was created and was duly organized pursuant to the act, which provided that such commissioners should be elected by the grand juries of the county, and by said act the board was given jurisdiction and control of the county affairs, and, among other things, the power to levy taxes according to law. This act was amended by an act approved December 26, 1890, which divided the county into five commission districts, and provided that the successors of the commissioners then in office should be elected on the first Wednesday in January for the respective districts as the terms of said commissioners should expire. The act of 1890 was amended by an act approved October 16, 1891, which provided for the election of said commissioners to be held on the first Wednesday in January. The amendatory acts of 1890 and 1891 have been disregarded, and after they became laws, the grand juries of the county, without authority, elected defendants as commissioners of roads and revenues of the county, who, without other appointment or election, assumed to exercise the functions of such commissioners, and by order passed on October 5, 1896, directed the levy of a tax of fifty cents on every $100 worth of property subject to taxation, for the purpose of building a new court-house. It is alleged that the election of the defendants by the grand juries conferred no authority and vested them with no title to said office, and that they had no power as de jure or de facto commissioners to levy such tax; that the levy was prematurely made and illegal, because no contract had been previously made for the erection of a new court-house. In December, 1896, an election was held in the county, pursuant to law, for the removal of the county-site from Decatur to Stone Mountain, at which election 815 votes were cast in favor of removal, and 160 votes against removal. The advocates of removal insist that, two thirds of the votes being in favor of removal, the election resulted to that end. An application has been presented to the secretary of State, for the certificate required by Civil Code, § 394. This application is pending, and under the constitution and laws (Civil Code, §§ 5927, 391–394), the result of the election can not be determined until the next session of the legislature in

November, 1897, and until the determination of the question of removal of the county-site a new court-house should not be built. The tax-collector is now collecting said assessment as if legally levied, and will at once proceed to issue executions against plaintiffs and other citizens who have failed and refused to pay said levy, and will enforce them unless enjoined from so doing. The prayer is for injunction and for general relief.

The defendants demurred generally, and took issue, by answer, upon the contentions set forth in the petition. They alleged, that they were elected by the grand juries, in pursuance of law, to the offices of commissioners of roads and revenues, at the times and for the terms prescribed by the acts of the legislature, and after having duly qualified for the performance of the duties of said offices they have collectively exercised the functions of such commissioners from the time of their respective elections to the 23d of December, 1896, when by act of the legislature approved on that date the act of December 8, 1886, was repealed, since which time they have neither exercised the duties of said office nor claimed any right thereto. The manner of electing commissioners as provided for in the amended acts of December 26, 1890, and October 16, 1891, was changed by an act approved October 19, 1891, by the terms of which the manner of electing commissioners was, upon the recommendation of two successive grand juries, changed from election by the qualified voters of the county to an election by the grand juries first sitting after the expiration of the terms of said commissioners respectively. By authority of this act the grand juries of the spring and fall terms of the superior court, sitting in February and August, 1892, recommended that thereafter the commissioners be elected by the grand juries. Defendants have been elected by the grand juries in the manner prescribed by the act of October 19, 1891, for the terms fixed by the act of December 8, 1886, and the amendatory acts of December 26, 1890, and October 16, 1891, have given bond and taken the oath of office, and have continuously exercised the functions of the board of commissioners from the time of their election to the repealing act of December 23, 1896. As such board of commissioners, in the order levying taxes for gen-

eral purposes in the county on October 5, 1896, they directed the levy of the tax mentioned in the petition, having authority both as de jure and de facto commissioners to levy the same. They are unable to answer as to the legality of the election for the removal of the county-site, but deny that the result of it, there not being a two-thirds vote of the qualified voters of the county in favor of the removal, can effect a change of the county-site; and insist that the facts as to this election furnish no grounds as to why a new court-house should not be built.

The prayer for injunction was denied, and plaintiffs excepted.

*Harrison & Peeples*, for plaintiffs.
*Candler & Thomson* and *W. W. Braswell*, for defendants.