## MORRIS *et al.* v. SMITH, tax-collector, *et al.*

GILBERT, J. 1. Under the pleadings and the evidence the court was authorized to find that the school district was lawfully created. There was evidence tending to show that the respective boards of education in the two counties had, about ten years previous to the filing of this suit, laid off their counties into districts leaving well-designated areas adjacent to the Town of Maysville, wherein it was provided that the school children should attend the public schools in Maysville, and for a number of years the respective boards of education had paid to the Board of Education of Maysville the proportionate part of the public-school fund due to said respective parts of adjacent territory. Concurrent action on the part of the two boards to create the district lying in two counties was not required to be done by simultaneous acts, but a substantial compliance with the statute is all that is required.

2. The election for the special tax was not illegal, and the election was not void because the order calling the same provided that the tickets should be printed "for local taxation" and "against local taxation," instead of "for local taxation for public schools" and "against local taxation for public schools," as provided by statute. A substantial compliance in this respect is sufficient. *DuPre* v. *Cotton*, 134 *Ga.* 316 (1 *a*), 319 (67 S. E. 876).

3. The board of education performing the duties thereof for the district are at least de facto trustees, and their official actions are valid as such, and cannot be attacked collaterally. *Brown* v. *Flake*, 102 *Ga.* 528 (29 S. E. 267); *DeLoach* v. *Newton*, 134 *Ga.* 739 (3 *a*), 742 (68 S. E. 708, 20 Ann. Cas. 342); *Tucker* v. *Roberts*, 151 *Ga.* 753 (108 S. E. 222).

4. Neither the election nor the assessment of the tax nor the fi. fa. is illegal on the ground that the same constitutes taxation without representation as to those residing within the school district but without the limits of the Town of Maysville, the de facto trustees all residing in Maysville.

5. The fact that no election was ever held for the purpose of electing trustees, as provided in the Civil Code, § 1533, does not invalidate the acts of the de facto trustees, of which complaint is herein made. The court was authorized to find that the petitioner participated in the election for local taxation, and is a patron receiving the benefits of the school supported in part by the local tax. Even if he is not estopped from making complaint, under the pleadings and the evidence the court was authorized to refuse the interlocutory injunction. *Irvin* v. *Gregory*, 86 *Ga.* 605 (13 S. E. 120).

6. The tax fi. fa. recites the necessary jurisdictional facts. It shows the amount of property returned, the amount of the tax, the number of the return, the number of the district, the State and county, the levying officers to whom addressed, the date of its issue, the official by whom it was issued, and that it was for a school tax. *Vickers* v. *Hawkins*, 128 *Ga.* 794 (58 S. E. 44).

*Judgment affirmed. All the Justices concur.*

No. 2918.    MAY 15, 1922.

Petition for injunction. Before Judge Fortson. Jackson superior court. November 4, 1921.

W. F. Morris and others filed a petition against George E. Smith, tax-collector of Jackson County, B. H. Collier, sheriff of Jackson County, and the Board of Education of the Town of Maysville, seeking to enjoin the collection of a tax fi. fa. levied on the property of the petitioner for the support of the school in the Maysville School District. The petition alleges, in substance, that the tax levy and the fi. fa. are illegal and void, because the district has never been lawfully created; that no election was ever held to consolidate and create the district, which lies partly in Banks and partly in Jackson County; that there has been no concurrent action taken for that purpose by the boards of education of the two said counties; that the law has not been complied with as to the election of trustees, as provided in the Civil Code, § 1533, and that the Board of Education of the Town of Maysville is acting as the board of trustees for the school district, a portion of said district lying without the corporate limits of the Town of Maysville; that, because no trustee has been elected residing in that portion of the district without the limits of Maysville, to enforce the collection of this tax amounts to taxation without representation against those so residing without the town limits; that in the election held for the purposes of determining whether there should be a tax levied in the district to supplement the public-school fund, the issue was not properly presented, because the tickets were not printed as required in the Civil Code, § 1534, to wit, " for local tax for public schools " and " against local tax for public schools," but were printed " for local taxation " and " against local taxation;" and that the tax fi. fa. is null and void, for the reason that it fails to contain or set out any of the jurisdictional facts or recitals necessary under the law to make it valid. The fi. fa. is as follows:

" Property returned $20,900. No. 430. 465th Dist. G. M.
" The State of Georgia, Jackson County.
" To all and singular sheriffs, deputy sheriffs, and constables of said county:
" You are commanded, that of the goods and chattels, if any be found, otherwise of the lands and tenements of W. F. Morris, you make by levy and sale thereof the sum of $104.50 for State, County

and School tax for the year 1920, with interest from date at 7 per cent. per annum, and the further sum of fifty cents for cost, and you are hereby required to return this writ to me, with your actings and doings thereon, and the sums aforesaid, within the time prescribed by law.   Herein fail not.

" Given under my hand this 21st day of December, 1920.

G. E. Smith, T. C. J. C.

" Poll tax ———— Prof. tax ———— State tax ———— County tax ———— School tax $104.50.   Total tax ———— Interest ———— Col. cost ———— Const. cost ———— Total ————."

*P. Cooley* and *Egbert Beall,* for plaintiffs.

*J. B. G. Logan, Sam. Jolly,* and *Jere S. Ayers,* for defendants.