*W. S. Florence,* contra.

---

CLEMENTS *et al. v.* POWELL, tax-collector, *et al.*

PER CURIAM. 1. The proposal of the amendment to the constitution as contained in the act of 1919 (Acts 1919, p. 68), as amended by the act of 1920 (Acts 1920, p. 45), is not void as being in conflict with the constitution of Georgia as contained in art. 13, secs. 1 and 2, par. 1 (Civil Code of 1910, §§ 6610, 6612).

(*a*) These sections of the constitution do not make it essential that the acts of the General Assembly shall contain any provision for the manner in which the Governor shall submit the same for ratification or rejection. Nor does the constitution prescribe the details relating to the manner of submitting amendments. *Cooney* v. *Foote,* 142 *Ga.* 647, 654 (83 S. E. 537, Ann. Cas. 1916B, 1001). The proposal in the present instance was submitted in full compliance with the constitution.

(*b*) The act of the General Assembly above mentioned did not, as contended, expressly prohibit the use of any ballot allowing the electors to vote against the constitutional amendment.

(*c*) The act of the General Assembly, above mentioned, is not unconstitutional on the ground, as contended by petitioner, that it exceeds the authority of the General Assembly, in that it is coercive of the rights of the voters, for the reason that it provides no method of voting against the proposal, but compels all qualified voters to vote for the proposal.

(*d*) The proposal was submitted to the voters in a general election, and the ballots as prescribed by the Governor, as stated above, were not in conflict with the constitution. For the same reason the result of the election as certified by the Secretary of State, declaring the ratification of the proposal, is not unconstitutional on the ground that the Governor exceeded his authority.

(*e*) The act of the General Assembly of 1919, proposing the creation of the County of Lanier, was not unconstitutional and void on the ground, as contended, that the said act provided that the ordinary of Lanier County should call the election for county officers to be held on December 1, 1920, when in fact there was no ordinary of Lanier

County, and could be none prior to the date on which the election was to be held. Even if the election of county officers was void, this would not render the creation of the county unconstitutional and void.

2. The contention that the lines around the proposed new County of Lanier were agreed upon between citizens and taxpayers to be affected thereby, and that the act as amended was not in accord with such agreement, but was in violation of the same, affords no reason for this court to declare the act invalid. These are matters solely for the legislative department of the government.

3. "We are not at liberty to inquire into the motives of the legislature." Ex parte McCardle, 7 Wall. 504. "The courts will conclusively presume that no general laws are ever passed either through want of information on the part of the legislature, or because it was misled by false representations of interested parties." 8 Cyc. 304. And see Dorsey v. Wright, 150 Ga. 321 (103 S. E. 591); Farmers Loan & Trust Co. v. Chicago P. & S. Ry. Co., 39 Fed. 143 (4, 5).

4. The fact that the General Assembly may so change county lines as to affect school districts, or even public-school property, will afford no reason for the interference of the courts, such legislation being entirely within the jurisdiction of the General Assembly. Board of Education of Fulton County v. Board of College Park, 147 Ga. 776 (95 S. E. 684).

5. Section 3 of the act of August 11, 1919 (Acts 1919, p. 68), provides as follows: "That the county authorities of said county shall have the right to create a debt for and on behalf of said county, to defray the expenses of said county for the first year, without submitting the same to a vote of the qualified voters of said county." This act was proposed as an amendment to the constitution, and was ratified by the people, thereby becoming a part of the constitution. Even if the provision of the act of 1919, herein attacked, differs radically from the provisions of existing parts of the constitution, such fact will not render it ineffectual or invalid. Hammond v. Clark, 136 Ga. 313 (10) (71 S. E. 479, 38 L. R. A. (N. S.) 77); Griffin v. Sisson, 146 Ga. 661, 662 (92 S. E. 278); Stewart v. County of Bacon, 148 Ga. 105 (4), 108 (95 S. E. 983).

6. It is contended that the county officers, including the tax-collector of Lanier County, were not legally elected, because the act of 1919 provided that the election of county officers should be called by the ordinary of Lanier County; that at the time of the passage of the act the County of Lanier had not been created, and therefore, under the provisions of the act, the power of calling such election was not legally reposed in any designated authority; that because no election was legally called said officers were not legally elected, and therefore were not authorized to collect taxes; that the tax-collector is now endeavoring to collect State and county taxes as assessed by authorities in charge of county affairs, and if not restrained will collect a large portion of the assessed taxes. Held, that such county officers performing the duty of their offices are at least de facto officers, and their official actions are prima facie valid, and cannot be attacked collaterally. Morris v. Smith, 153 Ga. 438 (3) (112 S. E. 468).

7. The assignment of error that the court erred in refusing to grant the injunction prayed for, " because there is no order or judgment passed of record in existence calling an election for Lanier County to be held on December 1, 1920, in either of the counties of Berrien, Lowndes, Clinch, or Lanier," is without merit. The petition sought to enjoin the collection of taxes by the tax-collector, and, as held in the preceding headnote, the tax-collector was a de facto officer whether the election was legally called or not.

8. An assignment of error that the act of the General Assembly is unconstitutional, without designating any particular section or part of the constitution, or one which states that the act is void " without life or existence," is not sufficient to raise any question for decision by this court.

9. An act of the General Assembly of 1920, amending the previous act of the General Assembly, and proposing an amendment to the constitution, was not unconstitutional because the first-named act contained the usual clause, " Be it further enacted by the authority aforesaid, that all laws and parts of laws in conflict with this act be and the same are hereby repealed," on the ground that said act is an attempt to repeal a part of the constitution. The act sought to be amended was a mere proposal of an amendment which had not become a part of the constitution. The act as amended was ratified, and as such became a part of the constitution.

10. The order levying taxes, as amended, for the year 1921 does not specify the per cent. levied for each of the specific purposes named in the Civil Code (1910), § 513, as required by § 514. This is an amendable defect. *McMillan* v. *Tucker*, 154 *Ga.* 154 (113 S. E. 391). The judgment refusing an injunction will be affirmed, with direction that the ordinary, or other proper county official of Lanier County, within thirty days after the remittitur has been filed in the superior court of said county, so amend the tax levy as to fully comply with the Civil Code (1910), § 513.

11. Petitioners contend that the tax levy is void, because the total amount levied exceeds 50 per cent. of the State tax levied, which is 5 mills. The burden is upon the petitioners to make clear and manifest the illegality of the tax, some portions of which are not subject to the limitation, but are allowed in excess thereof. On account of the manner in which the levy was made, this court can not say that the levy is void on this ground.

12. The court did not err, for any of the reasons assigned, in refusing to enjoin the tax-collector of Lanier County from performing his duties as such in the collection of State and county taxes; nor in refusing to declare the creation of the County of Lanier unconstitutional and void; nor in refusing to restrain its officers in charge of county affairs from performing their duties as such; nor in refusing to declare that the act of 1920 (Acts 1920, p. 45) was unconstitutional, and that the lots of land described in said act were still a part of the territory of the County of Berrien.

*Judgment affirmed, with direction. All the Justices concur.*
No. 3144.   MARCH 3, 1923.

Petition for injunction. Before Judge Dickerson. Lanier superior court. January 27, 1922.

The petition was filed by H. W. Clements et al., alleging themselves to be of the County of Berrien and citizens and taxpayers on property within the County of Lanier, in behalf of themselves and of other citizens and taxpayers of the County of Lanier. Joseph Powell, alleged to be a citizen of the County of Lanier, and the duly and lawfully acting tax-collector of said county, was made a defendant. The petition alleges in substance that on August 11, 1919, an act of the General Assembly was passed, proposing a constitutional amendment creating Lanier County, to be voted upon by the people. Section 5 is as follows: " It shall be the duty of the Governor to submit said proposed amendment in the following form; that those voting in favor of said proposed amendment shall have written or printed on their ticket ' in favor of the ratification of the amendment to paragraph 2, section 1, article 11 of the constitution of the State of Georgia, creating the County of Lanier.' " During the 1920 session of the General Assembly the aforesaid act of 1919 was amended to better define the lines of the new county, changing the territory proposed for the new county, and for other purposes. Although neither of the aforesaid acts contained a requirement that the Governor should submit the proposal to the qualified voters in such a way as to permit votes both for and against the amendment, in fact the Governor did submit the said proposal as follows: " All persons voting in such election in favor of the adoption of the constitutional amendment creating the new County of Lanier shall have written or printed on their ballot ' for ratification,' and all persons opposed to the adoption of the amendment creating the new County of Lanier shall have written or printed on their ballot ' against ratification.' " The ballots used in the general election by the voters were in accord with the requirement contained in the Governor's order. " The calling of the election aforesaid and the holding of the election as aforesaid, and the declaring of the result of the election ratifying the constitutional proposal for the new County of Lanier was and is unconstitutional and void, for the reason that the Governor exceeded his authority as hereinbefore defined, in that he had no authority to call an election in the manner and form in which he called the same, by

prescribing the ticket in the manner as herein alleged, for the reason that the Governor derived his power and authority from the proposal of August 11, 1919," which provided only for submitting the amendment in a manner providing for no negative votes. On December 1, 1920, an election was attempted to be held to elect officers in and for Lanier County, based on the authority of the act of 1919, as amended by the act of 1920. The organization of the County of Lanier is illegal, void, and unconstitutional, having for its authority only the act of 1919 as amended by the act of 1920. The election of officers and the organization of the county, and the transaction of the business as a county is void, the law attempting to create said county being void and unconstitutional; and none of the acts or deeds of any of the officers of said county is legal or binding upon any citizen, because of the unconstitutionality of the act above mentioned. The fifth section of the act of 1919, providing for the submission of the proposal to the voters, is unconstitutional because it violates article 13, section 1, paragraph 1, of the constitution of the State (Civil Code of 1910, § 6610), which provides how and in what manner amendments to the constitution of the State may be proposed by the General Assembly, and how the same shall be submitted to the people for ratification or rejection. It likewise violates article 13, section 2, paragraph 1, of the constitution of the State (Civil Code of 1910, § 6612), which provides for submitting to the people of the State the question of ratification or rejection of the constitution of 1877, and how the ballots should be worded. The petition also attacks the legality of the election for county officers and the legality of the acts of such officers; and prays that the tax-collector be restrained and enjoined from enforcing the collection of State and county taxes; and that it be be decreed that the County of Lanier was not legally created. The specific grounds of such attacks are sufficiently stated in the headnotes.

*R. A. Hendricks,* for plaintiffs.

*E. D. Rivers, Ben Smith,* and *J. P. Knight,* for defendants.