25755. COLLIER *v.* THE STATE.

DECIDED OCTOBER 15, 1936.

*G. W. Langford, Blair & Gardner, George D. Anderson,* for plaintiff in error.

*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

MacINTYRE, J. We will discuss only headnotes 6 and 7, as the principles stated in the other headnotes need no elaboration. The statement of the defendant was as follows: "I work for the Southland Ice Company as beer salesman. In my sales I do not sell any beer direct from the truck; it is all done with orders. I go to these retail beer dealers [in the City of LaFayette] and get an order and to be delivered the next day or the day afterwards, sometimes, after I get the orders. In this particular case I had gotten an order a day or two before the beer was delivered, and I was delivering the exact amount the order called for to Mr. Baker at the curbing. I had an order for ten cases of beer, signed by Mr. Baker. I was delivering the ten cases of beer, no more and no less than the order called for, signed by Mr. Baker. That is the way we do our business. We have a signed order for all beer we deliver to the retailer." The defendant introduced in evidence a license from the State Revenue Commission of Georgia to the Southland Ice Company, 205-207 E. Fifth Street, Rome, Georgia, to engage in the wholesale of malt beverages, covering the dates in question. Taking the other evidence in its most favorable light to the defendant, it was in effect the same as his statement.

The sales in the instant case are not denied. The controlling

question is, where did the sale take place? The law is settled that where the contract does not otherwise provide, and the sale is made as in this case, it is completed where the delivery takes place; and under the defendant's statement and the evidence, taking them all in the light most favorable to the defendant, the sales took place at the point of delivery, in this case within the city limits of LaFayette. *McCullough* v. *Griffin,* 181 *Ga.* 832 (184 S. E. 599). If the sale of beer by the wholesaler took place in the City of LaFayette, Georgia, and the law did not permit any person to sell beer at either wholesale or retail in the city limits, and the defendant, as agent for the wholesaler, sold the prohibited beverage to the retailer, he was guilty, whether he was a traveling salesman or not. He could not aid and abet the wholesale dealer in violating the law by selling beer at wholesale in this municipality, without being guilty of a misdemeanor; for there are no accessories in misdemeanors. "All who procure, counsel, command, aid, or abet in the commission of a misdemeanor are regarded by the law as principal offenders, and may be indicted as such." *Loeb* v. *State, 6 Ga. App.* 23 (supra).

Section 92-4105 of the Code, declaring that "The authorities of any municipal corporation shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods, where no delivery of goods is made at the time of taking such orders," has no application in this case, for the reason that while the municipal authorities could not levy a tax on a traveling salesman, they could levy a license tax on the wholesale dealer. In this case it is not a question of the failure to pay money for a license for the traveling salesman, but it is a question whether or not the State has prohibited any person from wholesaling beer in the City of LaFayette; and under the act of 1935 no permit or license being authorized by the governing body of the municipality, it was a misdemeanor for the defendant, who himself had no permit, to sell beer for some one else who had no authority or permit to sell the beverages within said city.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*