26085. AVERITT *v.* CITY OF EATONTON.

Decided April 9, 1937.

*Blair & Gardner, George D. Anderson,* for plaintiff in error.
*R. C. Whitman,* contra.

MacIntyre, J.   The exception is to a judgment overruling the certiorari of I. D. Averitt from his conviction in the mayor's court of the City of Eatonton.   The motion to dismiss the writ of error, "because the certiorari . . was void for the reason that there was not attached a certified copy of the bond filed with the clerk of the City of Eatonton, as required by law," is denied.

The case was tried on an agreed statement of facts, the first paragraph of which states that "said City of Eatonton has a valid and subsisting ordinance prohibiting the wholesale of malt beverages in said city, except upon the payment of an annual license tax in the sum of $200."   The other material parts of the agreed statement of facts are substantially as follows:  Wagner Brewing Company is a wholesale dealer in malt beverages, with its place of business in Macon, Bibb County, Georgia.   Said company "has paid to the State Revenue Commission of Georgia the license fee required . . for wholesale dealers in malt beverages, and . . to the City of Macon . . the fee required by said city for wholesale dealers in malt beverages, and is duly and legally licensed, by law to deal in malt beverages at wholesale."   I. D. Averitt is the duly authorized agent of said company.   Neither Averitt nor the Wagner Brewing Company ever "paid to the City of Eatonton the license required for wholesale dealers in malt beverages," and neither "maintains or operates a place of business for the wholesale of malt beverages in the City of Eatonton."   Acting as the authorized agent of Wagner Brewing Company, Averitt procured orders for malt beverages from "certain retail beer dealers in . . Eatonton," submitted these orders to

said company "for acceptance or refusal," delivered the beverages to the purchasers in Eatonton, and collected for them when delivered. These orders were in the form of a letter directed to "Wagner Brewing Company, 802 Broadway, Macon, Georgia," and signed by the prospective purchaser. The body of said letter is as follows: "Subject to acceptance by you, I hereby order and offer to purchase the malt beverages listed below. If this order is accepted by you, the place of sale and delivery of said malt beverages shall be at your place of business at the address above given. Upon your acceptance of this order the malt beverages specified herein shall be the property of the undersigned purchaser, and said purchaser will call for same or have said beverages shipped to his place of business at his own expense. If said seller finds it convenient to deliver said malt beverages to the place of business of the purchaser as a matter of courtesy, it is expressly agreed and understood that said delivery is at the risk of the purchaser and for his benefit. It is further agreed that no verbal understanding, agreement, or negotiation of any character shall change the location of the place of sale and delivery from that of the place of business of the seller at the address above named. If this order for the above-named malt beverages is accepted by the seller, the undersigned purchaser agrees to remit therefor upon receipt of bill for same."

We shall first consider briefly the contention of counsel for the plaintiff in error that under the malt-beverage act (Ga. L. 1935, p. 73) the State courts alone could try the defendant. Section 15A of this act reads: "The privilege of manufacturing, distributing, and selling by wholesale or retail of beverages provided in this act is purely a privilege, and no business legalized by this act shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." Section 7 of the act provides: "That if any business allowed under the provisions of this act is proposed to be carried on within the corporate limits of a municipality, the applicant for license shall pay to the proper authority, to be designated by the governing body of such municipality, such annual license fee as may be fixed by the said governing body, which license shall apply to and

be required for each brewery or place of manufacture, and also for each place of wholesale and retail distribution." "The city may issue a permit without charge, or it may levy a business-license tax on beer wholesalers and require the payment of a license fee." *Collier* v. *State,* 54 *Ga. App.* 346 (187 S. E. 843). When the legislators passed the act of 1935 they could not know whether a municipality would fix an "annual license fee" or not, and were apparently not interested in what fee should be levied. The State gets no part of such fee if it is collected. We do not believe that it was the design of the lawmakers to give the municipalities the optional right to collect license fees and at the same time deprive them of the right to penalize those failing to pay those license fees. Section 16 of the act provides that "nothing herein contained shall prohibit the municipalities of this State from levying any business-license taxes on brewers, wholesale or retail dealers of beverages covered in this act, subject to the limitations herein fixed for retail dealers." We do not think that it was the intention of the lawmakers that either the misdemeanor punishment prescribed by section 17 of the act, or the rather severe punishment prescribed in section 8, should apply to those violating a municipal ordinance penalizing those failing to pay a "special business or occupational tax," which the municipality alone could levy, and in which it alone was interested. We hold that the mayor's court of the City of Eatonton was the proper tribunal to try the defendant.

It is next contended that the sales of malt beverages, which were admitted, took place at the place of business of the Wagner Brewing Company in Macon, and not in the City of Eatonton. Under the rulings in *McCullough* v. *Griffin,* 181 *Ga.* 832 (184 S. E. 599), and *Collier* v. *State,* 54 *Ga. App.* 346 (187 S. E. 843), our view is that the defendant's conviction was warranted. In this connection we will state that paragraph 9 of the agreed statement of facts hereinbefore referred to concludes: "After order referred to was signed, delivery of a lesser quantity than specified in the order was made from time to time." It appears reasonable to conclude from this statement of fact that the prospective purchaser would order a definite quantity of the beverage, and the Wagner Brewing Company would send him a lesser quantity than that ordered. Certainly, in a case like this, the contract of sale

was not completed until the beverage was accepted by the purchaser in the City of Eatonton. Before concluding this opinion, we wish to say that the statement in the order or letter heretofore set out to the effect that the place of "sale and delivery" of the malt beverages was ·at the place of business of the seller and not elsewhere, must yield to the proved facts of the case. The above rulings dispose of the controlling questions. The court did not err in overruling the certiorari.

Judgment affirmed. Broyles, C. J., and Guerry, J., concur.