The court did not err in overruling the motion for a new trial for any of the reasons assigned.
 DECIDED SEPTEMBER 10, 1946. REHEARING DENIED OCTOBER 3, 1946.
The defendant was convicted of illegally possessing whisky. She filed an amended motion for a new trial, which was overruled. On the judgment overruling the motion she assigns error.
The evidence reveals that the defendant lived on the Whitesville Road some distance from LaGrange, Georgia. The county police had information that she was selling whisky and running a disorderly house. Both the county commissioners and the grand jury admonished the county police to keep a watch on her residence for these reasons. On December 5, 1945, the police raided her house where she and her husband resided. They are colored people. The county police, on entering the house, and going into a middle room, found there a white naval serviceman and a white woman occupying the room. There was, on a chair in the room, four-fifths of a quart of whisky with about one-third of it gone. The serviceman and the woman had been drinking. The county police arrested the defendant, Julia Linebarker, and also the serviceman and the woman. The three were lodged in jail at LaGrange. Soon thereafter the county police, in company with the sheriff and the deputy sheriff, returned to the home of the defendant. They searched the room which the serviceman and his companion had been occupying, and *Page 338 
found under the bed "four more quarts" of whisky. The four bottles of whisky were in a box. In the box there were also two oranges and a black handbag. Upon their return from a search of the house and in a conversation with the defendant, she claimed that the four bottles found in the box under the bed and the two oranges and the handbag belonged to her. The white woman companion of the serviceman was summoned as a witness, and testified that the bottle of whisky which a county policeman found on his first trip and a part of which had been consumed, had been purchased by the serviceman from the defendant after she and the serviceman had arrived at the home of the defendant; and that the serviceman paid the defendant $8.50 for the bottle of whisky. The State had a subpoena issued for the serviceman, but he could not be located. Hence he did not testify at the trial.
The defendant in her statement, without referring to the conversation about which the officers testified to the effect that she had claimed the four bottles of whisky, the two oranges, and the handbag, denied that the whisky belonged to her, but stated that the serviceman had carried the whisky to her house at a previous time. Neither did the defendant deny the testimony of the white woman that the defendant had sold the bottle of whisky for $8.50. The defendant stated that she made her living working for and accommodating white people, and that she did not let negroes hang around her place.
It will thus be seen that the jury were amply authorized to find the defendant guilty of possessing more than one quart of tax-paid whisky in Troup County, wherein the Revenue Act had not become operative by a vote, under the provisions of such act.
The special grounds assign error on certain excerpts from the charge of the court, and also on the admission of evidence. We agree with the defendant that the charge was not free from error, but in view of the whole record, none of the errors assigned shows cause for reversal.
Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur. *Page 339