TARPLEY *et al. v.* CARR, Mayor, *et al.*

No. 16462. FEBRUARY 14, 1949.

*Jack G. Tarpley,* for plaintiffs.

*G. A. Jones* and *Ben F. Carr,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) ■ It will be seen by reference to the foregoing statement of facts that this case, which started out as an effort to enjoin an issuance of a license to sell beer, has, by the various amendments to the petition and answers, grown to include several additional issues.

It is conceded by counsel for both the plaintiffs and the defendants that the judgment of the trial court holding the charter of the City of Blairsville, as contained in the acts of 1946, to be unconstitutional and void, is correct, and no exception is taken thereto by either the plaintiffs or the defendants. *Smith v. McMichael,* 203 *Ga.* 74 (45 S. E. 2d, 431); *Cox* v. *Hapeville,* 203 Ga. 263 (46 S. E. 2d, 122); *Smith* v. *Augusta,* 203 *Ga.* 511 (47 S. E. 2d, 582). Counsel for the defendants in their brief state: "The void act of the legislature attempting to create a new charter for Blairsville has no place in this record or the record of the case. It started as nothing and ended as nothing."

It would seem that the first question which must be determined is, whether or not the trial court erred in adjudging the defendant mayor and councilmen to be de facto officers, and, as such, authorized to discharge the duties of such officers of the Town of Blairsville under its charter of 1908. If this were the only question presented, under the decision of this court in *Rogers* v. *Croft,* 203 *Ga.* 654 (47 S. E. 2d, 739), the remedy of the plaintiffs would be by writ of quo warranto; but in the instant case the plaintiffs are also seeking injunctive relief against the issuance of a

beer license, and against the collection of ad valorem taxes of one dollar per hundred dollars valuation sought to be imposed by the city, because under the charter of the Town of Blairsville of 1908 (Ga. L. 1908, p. 414), as amended by Ga. L. 1909, p. 565, the tax rate is limited to fifty cents on the hundred dollars. Thus there are other equitable questions here involved, and the writ of quo warranto would not afford adequate relief.

As pointed out by this court in *Herrington* v. *State*, 103 *Ga.* 318, 319 (29 S. E. 931): "There is an irreconcilable conflict of authority upon the proposition as to whether or not it is possible that the doctrine of an officer de facto can be applied to any case without pre-supposing the existence of an office de jure"; but in that case this court quoted approvingly from Norton *v.* Shelby County, 118 U. S. 425 (6 Sup. Ct. 1121, 30 L. ed. 178), as follows: "While acts of a de facto incumbent of an office lawfully created by law and existing are often held to be binding from reasons of public policy, the acts of a person assuming to fill and perform the duties of an office which does not exist de jure can have no validity whatever in law. An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." See also, to the same effect, *Dennison Manufacturing Co.* v. *Wright*, 156 *Ga.* 789, 797 (120 S. E. 120). It would thus seem that the defendant mayor and councilmen could not be held to be de facto officers of the offices sought to be created under and by virtue of the unconstitutional charter of 1946, since it would not have the effect of creating any de jure offices. The judgment of the trial court holding that the mayor and all five of the councilmen are de facto officers was erroneous to the extent of two of the councilmen, for the previous charter of 1908 (Ga. L. 1908, p. 414), as amended by the act of 1909 (Ga. L. 1909, p. 565), provided for a mayor and only three councilmen. Thus as to two of the councilmen there was no lawful office which they could hold. The trial court properly held that the mayor and three of the councilmen were de facto officers, and, as such, were empowered to enforce the ordinances of the Town of Blairsville and to discharge all of the duties of such offices in accordance with the powers conferred by the charter of 1908 as amended, for that act did create the

office of mayor and three councilmen. There are, therefore, de jure offices for the mayor and three councilmen to fill. The fact that they went into office by virtue of an election held under the provisions of the unconstitutional act of 1946 would not deprive them of their status as de facto officers. In Norton v. Shelby County, 118 U. S. 425, 444 (supra), above referred to, it is held: "Where an office exists under the law, it matters not ·how the appointment of the incumbent is made, so far as the validity of his acts are concerned. It is enough that he is clothed with the insignia of the office and exercises its powers and functions. . . All that is required when there is an office to make an officer de facto, is that the individual claiming the office is in possession of it, performing its duties and claiming to be such officer under color of an election or appointment, as the case may be. It is not necessary that his election or appointment should be valid, for that would make him an officer de jure. The official acts of such persons are recognized as valid on grounds of public policy, and for the protection of those having official business to transact." Such has also been the ruling of this court in *Hawkins* v. *Jonesboro*, 63 *Ga.* 527 (1), where it is held: "Though a statute require all voters to be registered, and none are registered, yet, if an election be held, and certain town officers provided for by law be elected by the votes cast, and the persons thus elected enter upon and exercise their functions under color of such election, their predecessors yielding to their supposed right, they are officers de facto, and until displaced, may exercise all the powers of officers de jure." See also *Brown* v. *Flake*, 102 *Ga.* 528 (29 S. E. 267) ; *Tucker* v. *Roberts*, 151 *Ga.* 753 (108 S. E. 222) ; *Clements* v. *Powell*, 155 *Ga.* 278 (6) (116 S. E. 624) ; *Smith* v. *Meador*, 74 *Ga.* 416 (58 Am. R. 438) ; *Morris* v. *Smith*, 153 *Ga.* 438 (112 S. E. 468).

■ The trial court did not err in refusing to enjoin the defendant mayor and councilmen from issuing a license for the sale of beer to the other two defendants, nor in failing to enjoin these two defendants from engaging in the business of retail sale of beer in the municipality of Blairsville under and by virtue of such a license. Under the law authorizing the sale of malt beverages in Georgia, it is not required that an election be first held to authorize its sale, but it is only required that, if one proposes

to carry on the business of the retail sale or distribution of beer within the corporate limits of a municipality, "the applicant for license shall pay to the proper authority, to be designated by the governing body of such municipality, such annual license fee as may be fixed by the said governing body . . and it is further provided that, when any of the above described businesses are licensed by municipal authority, that no county license fee shall be required by county authority." Code, § 58-716; *Harvin* v. *Holcomb*, 181 *Ga.* 800 (184 S. E. 603); *McKown* v. *Atlanta*, 184 *Ga.* 221, 222 (1), (190 S. E. 571); *Collier* v. *State*, 54 *Ga. App.* 346 (187 S. E. 843).

■ Under the charter of the Town of Blairsville of 1908 as amended, and under the provisions of the Code, § 92-4101, the Town of Blairsville was limited in the collection of ad valorem taxes to one-half of one per cent upon the value of property within said corporation, or to fifty cents per hundred dollars valuation, and under the charter of 1946 the rate was fixed at "not exceeding one dollar on the hundred." It was alleged in the petition, and the evidence adduced by way of affidavit showed, that the defendant mayor and councilmen were seeking to collect taxes at the rate fixed in the charter of 1946. Since the trial court held this charter to be invalid, it should have enjoined the defendants from undertaking to collect taxes based upon the rate fixed by that charter. *Colquitt Live Stock & Supply Co.* v. *Colquitt*, 146 *Ga.* 579 (91 S. E. 555).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bell, J., who dissents; and Duckworth, C. J., and Candler, J., disqualified.*