37337. CROWE *v.* THE STATE.

DECIDED SEPTEMBER 18, 1958.

*C. C. Pittman, Pittman & Crowe,* for plaintiff in error.
*R. F. Chance, Solicitor-General,* contra.

TOWNSEND, Judge. ■ The indictment in this case was drawn under the provisions of Code § 58-718 which specifies that there can be no retail sale of malt beverages within the unincorporated

area of a county without a permit from the governing authority, and no sale within a municipality without a permit from such municipality, as to the grant or refusal of which within the limitation of the law such authorities have an absolute discretion. *Phillips* v. *Head,* 188 *Ga.* 511 (4 S. E. 2d 240). While mere possession of more than one quart of tax-paid liquor in this State is illegal in a dry county, the possession of beer is legal and "under the law authorizing the sale of malt beverages in Georgia, it is not required that an election be first held to authorize the sale." *Tarpley* v. *Carr,* 204 *Ga.* 721 (2) (51 S. E. 2d 638). Therefore, this court does not take judicial notice of counties which do or do not permit the possession and sale of beer. Where the proof does not show otherwise it will assume that beer may be legally sold within the county.

The indictment here alleges that the beer was illegally sold for the reason that the defendant did not first obtain a license for its sale. Since it was drawn under the provisions of Code § 58-718 it was necessary, in order to allege an offense, that this allegation be included in the indictment. Failure to do so would have subjected the indictment to demurrer, since, under the decision in *Capitol Distributing Co.* v. *State,* 83 *Ga. App.* 303 (63 S. E. 2d 451) it must "either specifically charge the unlawful manner in which the sale was made or it must negative all methods by which such sales may be legally consummated." It follows that the allegations in the indictment that the defendant possessed for sale and sold beer "without first having obtained a license from the Commissioner of Roads and Revenues of Bartow County" is a material allegation, proof of which is essential to the State's case. *Dockery* v. *State,* 95 *Ga. App.* 486 (98 S. E. 2d 123). There is not, however, in this record any syllable of testimony on the subject of whether the defendant did or did not have a license to sell beer. Accordingly, under the evidence as a whole a verdict in his favor was demanded.

■ There is also grave doubt as to whether this defendant should have been convicted in any event. The evidence fails to disclose either that he had the sole control of the premises or that he was the person who had and sold the beer in question, although there is no doubt but that beer was sold on the premises at a

time when he was present. If the defendant and Cooper were partners, as the jury was authorized to find under the evidence, the defendant, if he knew of and acquiesced in the sale of the beer or its possession for purposes of sale by another would be guilty although he was not the person actually selling it, since he had a joint control of the premises and all who aid or abet in the commission of a misdemeanor must be considered as principals. If, on the other hand, Cooper or another had beer for the purpose of sale and sold it without the defendant's knowledge, he would not be guilty even though he knew the beer was there, but did not know the reason for its presence, since mere possession of beer is perfectly legal. A conviction should depend upon something stronger than a mere suspicion that one of several persons present with equal motive and opportunity to commit the offense was the perpetrator or had actual knowledge that the business in which he had an interest was being used for that purpose.

■ Where there is no conflict in the evidence, and that introduced, with all reasonable deductions, shall demand a particular verdict, the court may direct a verdict in favor of the party entitled. Code § 110-104. Where the motion for a directed verdict is denied, such party may move to have judgment entered in accordance with his motion for directed verdict, and may take exception to a judgment denying such motion. Code § 110-113.

Although Code § 110-104 was taken by the codifiers from a civil case, Code § 110-113 is an act of the legislature (Ga. L. 1953, p. 440) and does not purport to limit the new procedure to civil actions only. Before its passage it was stated (*Bell* v. *State,* 15 *Ga. App.* 718 (2), 84 S. E. 150) that a trial court might direct a verdict of acquittal in a criminal case where it was "the only legal finding possible." The statement of Justice Little in *Williams* v. *State,* 105 *Ga.* 814 (32 S. E. 129, 70 Am. St. R. 82) that Code § 110-104 relating to direction of a verdict "applies exclusively to civil cases" was his own opinion, not concurred in by the majority of the court. We accordingly hold that the procedure of assigning error on the denial of a proper motion for a judgment notwithstanding the verdict is as applicable in a criminal as in a civil case, and where, as here, a verdict of acquittal

was demanded under the evidence, the trial court erred in denying the motion to set the verdict aside and in not entering a judgment of acquittal notwithstanding the verdict.

*Judgment reversed with direction. Gardner, P. J., and Carlisle, J., concur.*