### 37505. CHEEK v. THE STATE.

CARLISLE, Judge. 1. Where the trial judge in his answer to the petition for certiorari admitted all the allegations of fact contained therein and admitted the truthfulness of the exhibits attached thereto and then added paragraphs to his answer denying the allegations of error set forth in the petition for certiorari, and where thereafter the petitioner filed in the superior court a pleading in the nature of a traverse to the judge's answer, which, in effect, admitted the allegations of the answer except those portions which denied the allegations of error in the petition for certiorari which were denied, no issue of fact was raised for trial by a jury and the judge of the superior court did not err in overruling and dismissing the exceptions and traverse of the petitioner without submitting the same to a jury. Before a traverse to the response of the trial judge in a certiorari case may be submitted to a jury the traverse must raise material issues of *fact* with relation to what actually transpired in the trial court. *Estes* v. *Palmour*, 9 *Ga. App.* 343 (71 S. E. 590); *Chandler* v. *Baggett*, 13 *Ga. App.* 333 (5) (79 S. E. 179); *Ginn* v. *Johnson*, 74 *Ga. App.* 35 (38 S. E. 2d 753). The purported traverse in this case merely reiterated the petitioner's allegations of error as set forth in the original petition and did not raise any issue of fact triable by a jury in the superior court, and for this reason the judge of the superior court did not err in overruling and dismissing the traverse.

2. The defendant was tried on three accusations charging him with possessing more than one quart of stamped whisky in a dry county and with selling whisky without a license and with selling beer without a license. He was convicted of possessing whisky and of selling beer without a license and acquitted on the charge of selling whisky. As to the conviction of selling whisky, the evidence shows that the officers found some 15 or more half pints of whisky of various brands concealed

in a secret compartment in a table in a house wherein the defendant resided with his wife. Several witnesses for the defendant testified with respect to the whisky that some of it belonged to the witnesses and not to the defendant, but the jury apparently chose to disbelieve the witnesses, which they were authorized to do under the evidence. The evidence was sufficient to sustain the conviction of the defendant on the charge of possessing whisky in violation of the provisions of the Act of the General Assembly (Ga. L. 1937-38, Ex. Sess., pp. 103, 123; Code, Ann., § 58-1077). *Parker* v. *State,* 67 *Ga. App.* 312 (20 S. E. 2d 148); *Bird* v. *State,* 69 *Ga. App.* 1 (1) (24 S. E. 2d 692); *Jones* v. *State,* 73 *Ga. App.* 584 (37 S. E. 2d 409); *Linebarker* v. *State,* 74 *Ga. App.* 337 (39 S. E. 2d 492).

3. As to the conviction on the charge of possessing beer for the purpose of sale in violation of the provisions of Ch. 58-7 of the Code, it does not appear positively from the record whether the place where the defendant resides is within or without the city limits of Buford in Gwinnett County. However, whether or not the accusation was drawn under the provisions of Code § 58-716 or §§ 58-717 and 58-718, which specifies that there can be no retail sale of malt beverages within the unincorporated area of a county or within an incorporated municipality without a permit from the governing authority, is immaterial. "While mere possession of more than one quart of taxpaid liquor in this State is illegal in a dry county, the possession of beer is legal and 'under the law authorizing the sale of malt beverages, in Georgia, it is not required that an election be first held to authorize the sale.' *Tarpley* v. *Carr,* 204 *Ga.* 721 (2) (51 S. E. 2d 638). Therefore, this court does not take judicial notice of counties [or municipalities] which do or do not permit the possession and sale of beer. Where the proof does not show otherwise, it will assume that beer may be legally sold within the county [or municipality]." *Crowe* v. *State,* 98 *Ga. App.* 185, 187 (105 S. E. 2d 353). It is necessary and essential, therefore, under the foregoing ruling that the State not only allege but also prove that the defendant had no license to sell beer. This the evidence wholly failed to do, and it follows that the conviction on the accusation charging the defendant with selling beer without a license was unauthorized by the evidence, and for this reason the judge of the superior court erred in overruling the certiorari.

4. The other assignments of error contained in the petition for certiorari, the overruling of which is complained of in the bill of exceptions complaining of portions of the trial judge's charge to the jury, are without merit. The portions of the charge complained of when read in their context were in fact more favorable to the defendant than to the State and emphasized and gave him the benefit of a defense raised by evidence introduced in his behalf. Neither were these portions of the charge subject to the criticisms that they were expressions of an opinion as to what had been proved and what had not been proved.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 23, 1959.

*Glyndon C. Pruitt, Walter B. Fincher,* for plaintiff in error.
*Alfred A. Quillian, Solicitor-General, Joseph E. Cheeley, Solicitor,* contra.