24455. STEADHAM, Member of Carroll County Board of Education, et al. v. STATE OF GEORGIA.

ARGUED JANUARY 9, 1968—DECIDED JANUARY 18, 1968—
REHEARING DENIED FEBRUARY 12, 1968.

*Thomas B. Murphy, C. C. Perkins,* for appellants.

*Arthur Howell, Lewis R. Slaton, Solicitor General, R. D. Tisinger, Arthur K. Bolton, Attorney General, Alfred L. Evans, Assistant Attorney General, Robert L. Steed, Jones, Bird & Howell, Peyton S. Hawes, Jr., Richard A. Allison,* for appellee.

MOBLEY, Justice. This appeal is by intervenors in a bond validation proceeding instituted in the Superior Court of Fulton County by the State of Georgia acting through Lewis R. Slaton, Solicitor General, under the provisions of Ga. L. 1951, pp. 241, 258, as amended by Ga. L. 1967, pp. 871-874 (*Code Ann.* § 32-1423a). The defendants were the Georgia Education Authority (Schools) and the members thereof, the State Board of Education and the members thereof, and the five members of the Carroll County Board of Education. The answer of the Carroll County Board of Education was signed by three of the members, constituting a majority of the board. An intervention was filed by William L. Steadham and Percy V. Johnson, mem-

bers of the Carroll County Board of Education, and other persons, alleging themselves to be citizens and taxpayers of Carroll County, in which numerous constitutional and other attacks were made on the right to validate the bonds. The enumeration of errors assigns error generally on every determination made in the order validating the bonds, and specifically assigns error on certain rulings.

■ Motion has been made by the appellees to dismiss the appeal because no transcript of the evidence has been filed by the appellants. It is argued by the appellees that the notice of appeal specifies that the clerk of the superior court omit "nothing" from the record on appeal, that this specification would include the transcript, and since no transcript has been made a part of the record, the transcript was not filed within thirty days, as required by law, and no extension of time was granted.

Under Ga. L. 1965, pp. 18, 20, as amended by Ga. L. 1966, pp. 493, 495 (*Code Ann.* § 6-802), a notice of appeal should contain "a designation of those portions of the record to be omitted from the record on appeal," and should state "whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." The notice in the present appeal did not state whether a transcript of the evidence would be filed. The specification that "nothing" is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted.

The appellants had a choice as to whether or not they would file a transcript of the evidence, and the failure to file such a transcript will not result in a dismissal of the appeal, but no questions can be decided which require a consideration of the evidence.

■ The intervenors made a written demand for a trial by a jury on all issues of fact in the case, which demand was refused by the trial judge. It is asserted that the refusal of the judge to submit the issues to a jury violated the Constitution, Art. VI, Sec. XVI, Par. I (*Code Ann.* § 2-5101), which provides that the "right of trial by jury, . . . shall remain inviolate, . . ."

*Code Ann.* § 32-1423a provides that bonds of the Georgia Edu-

cation Authority (Schools) shall be validated in accordance with the procedure of the Revenue Certificate Law of 1937. In prescribing the procedure as to the validation of revenue bonds, in Ga. L. 1937, pp. 761, 771 (*Code Ann.* § 87-818), it is stated that "the judge of the said superior court shall proceed to hear and determine all the questions of law and of fact in said cause, . . ." In *Lippitt v. City of Albany,* 131 Ga. 629, 632 (63 SE 33), this court held that a bond validation proceeding is not one of the class of cases, "either in terms or by analogy, in which jury trials have ever existed as matter of right; and it does not fall within the constitutional provision above quoted [now *Code Ann.* § 2-5101]."

■ It is contended that the validation of the bonds in Fulton Superior Court, in accordance with Ga. L. 1951, pp. 241, 258 (*Code Ann.* § 32-1422a), and the publication of notice in the newspaper in which legal advertisements are published in Fulton County, deprived the intervening citizens and taxpayers of Carroll County of due process of law and equal protection of the laws under the State and Federal Constitutions, because the venue of the validation proceeding is fixed by the Constitution of Georgia in Carroll Superior Court.

Under the Constitution of Georgia, Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906), the venue of a bond validation proceeding is in the county in which the governmental unit issuing the bonds is located. *Ray v. City of Lavonia,* 141 Ga. 626 (81 SE 884). The bonds sought to be validated in the present case are bonds of the Georgia Education Authority (Schools), which is "an instrumentality of the State of Georgia and a public corporation," with authority in that name to "sue and be sued; implead and be impleaded; and complain and defend in all courts of law and equity." Ga. L. 1967, pp. 871, 872 (*Code Ann.* § 32-1402a). Its legal situs is at the seat of government in Atlanta, Fulton County, and the placing of exclusive jurisdiction of actions for validation of bonds of the Authority in Fulton Superior Court (*Code Ann.* § 32-1422a), and giving notice of the validation proceeding in the publication in which legal advertisements are published in Fulton County, was not a denial of the intervenors' right of due process or equal protection of the laws.

■

■ It is asserted that the Carroll County Board of Education is illegally constituted because the grand jury lists from which the grand jury was drawn that elected the board members were chosen only from the tax digests of Carroll County and not from the voters' lists of Carroll County. The official actions of the members of the Board of Carroll County are prima facie valid, and the legality of the election to office of such members can not be attacked collaterally in a proceeding for validation of bonds. *Brown v. Flake,* 102 Ga. 528 (29 SE 267); *DeLoach v. Newton,* 134 Ga. 739 (3) (68 SE 708, 20 AC 342); *Tucker v. Roberts,* 151 Ga. 753 (1) (108 SE 222); *Morris v. Smith,* 153 Ga. 438 (3) (112 SE 468); *Stephens v. School District,* 154 Ga. 275 (8) (114 SE 197); *Clements v. Powell,* 155 Ga. 278 (6) (116 SE 624); *Jennings v. New Bronwood School District,* 156 Ga. 15 (118 SE 560).

■ Questions as to the feasibility of the project for which the bonds are to be issued can not be considered, since no transcript of the evidence in the validation proceeding has been included in the record before this court.

■ Many of the constitutional questions made by the intervention had been decided, adversely to the contentions of the intervenors, in *Sheffield v. State School Building Authority,* 208 Ga. 575 (68 SE2d 590), where this court considered a number of constitutional attacks on the Act of 1951, pp. 241-246, creating the State School Building Authority, the predecessor Authority of the Georgia Education Authority (Schools). In the foregoing division of this opinion we have dealt only with the assignments of error which were argued by the intervenors in their brief.

*Judgment affirmed. All the Justices concur.*