25812.   HIRSCH v. HIRSCH.

ARGUED MAY 21, 1970—DECIDED JUNE 9, 1970.

*Westmoreland, Hall & Bryan, John L. Westmoreland, P. Joseph McGee,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellee.

NICHOLS, Justice.   The sole question raised by the wife's enumeration of errors is the sufficiency of the alimony award.

During the trial of the case numerous depositions were offered in evidence. These depositions had been presented to the trial judge for consideration before the trial and those that he had not already read he agreed to read before rendering a decree. While not included in the transcript they were introduced and apparently filed as part of the record. When the wife filed her notice of appeal she expressly excluded from the record to be transmitted to this court "all depositions filed." While a review of the transcript and documentary evidence transmitted to this court may authorize a judgment affirming the judgment of the trial court, yet without such depositions it would be impossible to rule as a matter of law, as contended by the wife, that the evidence demanded a larger award of alimony. Accordingly, the transcript of evidence before this court is incomplete. Under the decisions of this court exemplified by *Steadham v. State of Ga.*, 224 Ga. 78, 80 (159 SE2d 397), the failure to specify the transcript of evidence for transmittal to this court will result in those enumerations of error requiring a consideration of the evidence not being considered. The exclusion of a material part of the evidence necessary to determine if the judgment complained of was supported by the evidence will result in such question not being decided. Since all enumerations of error relate to the sole question of whether the evidence authorized the amount of alimony awarded, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*