**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 19, 2018**

# In the Court of Appeals of Georgia

A18A0669. HILL v. BOARD OF REGENTS OF THE UNIVERSITY OF GEORGIA et al.

MCMILLIAN, Judge.

Jennifer Hill appeals from the trial court's order dismissing her appeal for failure to timely file a transcript for inclusion in the record on appeal. Because we find that Hill had no obligation to file a transcript, we reverse.

Hill filed a qui tam suit against Georgia Regents University, the College of Dental Medicine Faculty Practice ("Faculty Practice"), MCG Health System, Inc., MCG Health, Inc., and the Board of Regents of the University System of Georgia. Following a hearing, the trial court dismissed her claims against Faculty Practice, MCG Health System, Inc., and MCG Health, Inc. in an order dated March 2, 2017. Hill timely filed a notice of appeal, directing "[t]he Clerk will please omit nothing pertaining to this action from the record on appeal[,]" with no reference to a transcript. The appellees subsequently moved to dismiss the notice on the ground that

Hill had unreasonably delayed in transmitting a transcript to the trial court clerk's office, thus delaying the completion of the appellate record. After the trial court granted the motion, Hill appealed that order, arguing that the trial court abused its discretion in dismissing the notice of appeal because the omitted transcript was not necessary for appellate review of the order.

Under Georgia law, "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." OCGA § 5-6-48 (c). Therefore, a trial court "has discretion to dismiss an appeal for failure to timely file a transcript *only if* (1) the delay in filing was unreasonable; and (2) the failure to timely file was inexcusable in that it was caused by some act of the party responsible for filing the transcript." (Citation and punctuation omitted; emphasis in original.) *Allan v. Jefferson Lakeside, L.P.*, 333 Ga. App. 222, 223 (775 SE2d 763) (2015). Accordingly, "[w]hile the trial court has broad discretion in ruling on a motion to dismiss under OCGA § 5-6-48 (c), that discretion is not unlimited and the trial court's decision may be reversed for abuse of discretion." (Citation and punctuation omitted.) *Mercer v. Munn*, 321 Ga. App. 723, 725 (742 SE2d 747) (2013).

Georgia law specifies the procedure for the inclusion of a transcript in an appellate record. Under OCGA § 5-6-37, a notice of appeal "shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." This provision leaves the choice of whether to include a transcript in the appellate record to the appellant. If an appellant desires that a transcript be made part of the record on appeal, she must say so in her notice of appeal, have the transcript prepared at her own expense, and have it filed with the trial court within 30 days of the filing of the notice of appeal, unless she obtains an extension of time from the trial court. OCGA §§ 5-6-37; 5-6-39; 5-6-41 (c); 5-6-42.

Hill's notice of appeal, however, made no reference to a transcript, stating only that nothing should be omitted from the record on appeal. Although the appellees assert that Hill's failure to reference a transcript in her notice somehow obligated her to file one within 30 days, the law in Georgia is to the contrary. Our appellate courts have held that "[t]he specification that 'nothing' is to be omitted from the record would not infer that the transcript is to be included, since the appellant is required to state whether the transcript will be filed, in addition to designating any portion of the record to be omitted." *Yetman v. Walsh*, 282 Ga. App. 499, 500 (1) (639 SE2d 491) (2006). *Steadham v. State*, 224 Ga. 78, 80 (1) (159 SE2d 397) (1968). Rather,

3

appellants may elect whether to file a transcript of the evidence,[1] and where they fail to state whether a transcript will be filed, "the failure to file such a transcript will not result in a dismissal of the appeal[.]" *Steadman*, 224 Ga. at 80 (1).

Therefore, because Hill's notice of appeal does not designate a transcript for inclusion in the appellate record, her failure to file a transcript cannot be deemed to have caused an unreasonable delay within the meaning of OCGA § 5-6-48 (c), and the trial court abused its discretion in dismissing Hill's notice of appeal under that provision. Accordingly, we reverse that determination.

Although Hill asserts in her appellate brief that this Court should proceed to address the merits of the underlying appeal, the issues raised in that appeal are not before us. Hill's notice of appeal does not state that she is appealing the trial court's order dismissing her claims against Faculty Practice, MCG Health System, Inc., and MCG Health, Inc., and the parties have not briefed the issues raised by the dismissal on their merits. Instead, Hill shall have 30 days from the date of the return of the

---

[1] We note that Hill argued both below and on appeal that the transcript of the motion hearing is not necessary for the resolution of the issues raised in her notice of appeal as the hearing on the appellees' motion to dismiss her claims was not an evidentiary hearing.

4

remittitur in this case in which to refile her notice of appeal, and upon the filing of same, the case may be transmitted to this Court for docketing as a new appeal.

*Judgment reversed. Barnes, P. J., and Reese, J., concur*.